## JANE BUCKINGHAM *vs.* JOHN A. LEVI.

The remedy by writ of *habeas corpus* for the recovery of the possession of slaves, is confined to cases in which " a slave has been taken or seduced out .of the possession of the master, owner, or overseer of such slave, by force, stratagem, or fraud, and unlawfully detained in the possession of another person." Hutch. Code, 1002, § 19. *Held*, that the case presented . in the petition does not allege any of the requisites of the statute, and is not embraced by either the spirit or the language of the statute, and the demurrer in the court below ought to have been sustained, and the petition dismissed.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The facts of the case are contained in the opinion of the court.

*W. P. & J. F. Jack,* for plaintiff in error.

*R. Davis,* for defendant in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a writ of *habeas corpus,* for the recovery of the possession of a slave, which was sued out upon the petition of the defendant in error. ·

The material allegations of the petition are as follows, namely: That the slave in question "had gone illegally into the possession of Mrs. Jane Buckingham under a pretended contract for hire; that no such contract for hire was ever made by any person who had a right to make such contract; that said slave is fraudulently and unlawfully detained in the possession of the said Mrs. Buckingham, who refuses to deliver the possession of the same to the petitioner."

Buckingham *v.* Levi.

To the petition there was a demurrer which was overruled by the judge, who upon the trial of the cause gave judgment in favor of the petitioner. To this judgment a writ of error was sued out to this court. We shall only notice the question arising upon the demurrer.

The remedy by writ of *habeas corpus,* for the recovery of the possession of slaves, is confined to cases in which " a slave has been taken or seduced out of the possession of the master, owner, or overseer of such slave, by force, stratagem, or fraud, and unlawfully detained in the possession of any other person." Hutch. Code, 1002, § 19.

The petition does not allege that the slave in controversy was taken out of the possession of the petitioner "by force, stratagem, or fraud;" but avers that the slave "had gone illegally into the possession of Mrs. Buckingham under a pretended contract for hire." The case presented in the petition is embraced by neither the spirit nor the language of the statute. The demurrer, therefore, should have been sustained, and the petition dismissed. Let the judgment be reversed, and the defendant in error be taxed with the costs, both in this court and in trial below.